UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:15-cr-00198-GMN-NJK |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT &  RECOMMENDATION |
| ) | |
| EDWIN FUJINAGA, ) | |
| ) | (Docket No. 32) |
| Defendant. ) | |

I.    **BACKGROUND**

This matter was referred to the undersigned Magistrate Judge on Defendant Edwin Fujinaga's Motion to Dismiss Indictment.  Docket No. 32.  The Court has considered  Defendant's motion and the United States' response.  Docket Nos. 32, 35.  No reply was filed.  *See* Docket.

        On July 8, 2015, a federal grand jury sitting in Las Vegas, Nevada issued an indictment against Defendants Edwin Fujinaga, Junzo Suzuki, and Paul Suzuki.  Docket No. 1.  The indictment charges Defendant Fujinaga ("Defendant") with eight counts of mail fraud, in violation of Title 18, United States Code, Sections 1341 and 2; nine counts of wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2; and three counts of monetary transactions in property derived from specified unlawful activity, in violation of Title 18, United States Code, Sections 1957 and 2. *Id*. at 1-8.[1]  The indictment also alleges three criminal forfeiture counts. *Id*. at 8-12.  United States also seeks criminal forfeiture of certain property in four separate forfeiture allegations. *Id*. Defendant now seeks a dismissal of the indictment or, in the alternative, a bill of particulars.  Docket No. 32.

_____

[1]Defendant's co-defendants were charged in the majority of these counts as well; however, as they have not joined in the instant motion, the Court focuses solely on the charges as they relate to Defendant Edwin Fujinaga.

1      In support of his request, Defendant submits that all counts in the indictment should be

2  dismissed for lack of sufficiency.  *Id.*  Specifically, Defendant contends that the indictment "fails to

3  provide any information about how [his conduct] constituted mail fraud" in counts one through eight.

4  *Id.* at 3.  Defendant submits that the indictment solely lists a date for each mail fraud count, but "fails

5  to provide any further information including but not limited to by what means such packages were

6  delivers, by whom these packages were sent, and how such packages are connected to the allegations

7  of mail fraud in the indictment."  *Id.*  Defendant further contends that the indictment fails to provide

8  information regarding the elements of aiding and abetting.  *Id.* at 3-4.  Defendant therefore submits

9  that counts one through eight are vague and insufficient.  *Id.* at 4.

10     Defendant submits that counts nine through seventeen should be dismissed for lack of

11  sufficiency as well.  *Id.*  Defendant contends that the indictment "fails to provide any information

12  about how [his conduct] constituted [wire] fraud" in counts nine through seventeen.  *Id.*  Defendant

13  further submits that the indictment merely lists eight different dates on which wire transfers were

14  made to various Wells Fargo accounts, but "fails to provide any further information including but

15  not limited to who the owner(s) of the accounts were and how such account transfers were in

16  furtherance of the commission of wire fraud."  *Id.* at 4-5.  Defendant further contends that the

17  indictment fails to provide information regarding the elements of aiding and abetting in relation to

18  these charges.  *Id.* at 5.  Defendant therefore submits that counts nine through seventeen are vague

19  and insufficient.  *Id.*

20     Defendant next submits that counts eighteen through twenty should be dismissed for lack of

21  sufficiency.  *Id.*  Defendant submits that the indictment "merely sets forth three transactions from

22  bank accounts to three different entities," but that none of the accounts listed in these counts

23  correlates to the ones listed in counts nine through seventeen.  *Id.* at 5-6.  Defendant further contends

24  that the indictment fails to provide information regarding the elements of aiding and abetting in

25  relation to these charges.  *Id.* at 6.  Defendant therefore submits that counts eighteen through twenty

26  are vague and insufficient.  *Id.*

27     Defendant further contends that the forfeiture allegations should be dismissed for lack of

28  sufficiency.  *Id.*  Defendant submits that the indictment fails to allege any facts that would allow for

a forfeiture judgment exceeding $2,022,602.  *Id.*  Further, Defendant contends that any portion of the forfeiture allegations based upon activity preceding July 8, 2010 is barred by the statute of limitations.  *Id.*

Finally, if the Court does not agree that the indictment should be dismissed, Defendant submits that the United States should file a bill of particulars.  *Id.*  Defendant identifies 10 different types of information that he contends should be included in the bill of particulars.  *Id.* at 7-8. Defendant submits, without elaboration or explanation, that a bill of particulars is necessary to prevent unfair surprise at trial and to clarify the indictment.  *Id.* at 7.

In response, the United States submits that Defendant's motion is without merit and based on "either a misreading of the Indictment or a misapprehension of relevant governing legal principles."  Docket No. 35 at 2.  The United States further submits that the indictment is properly pled, provides Defendant with ample notice of the charges against him and, in fact, "far exceeds the actual pleading requirements."  *Id.*  Additionally, the United States contends that it has provided Defendant with discovery that Defendant "claims is so voluminous as to necessitate a release of substantial funds for his defense."  *Id.*  The United States therefore asks the Court to deny Defendant's motion in its entirety.  *Id.*

The United States notes that the charges in the indictment are "based upon the defendants' orchestration of a multi-year international investment fraud scheme based in Las Vegas, Nevada." *Id.*  The United States further notes that paragraphs five through eleven of the indictment are titled "The Scheme and Artifice to Defraud."  *Id.* at 4.  With regard to the mail fraud charges in counts one through eight, the United States submits that paragraphs five through eleven "make explicit reference to the role of mail" in the scheme and artifice as set out in those paragraphs, and that "paragraph 13 of the Indictment provides a thorough and comprehensive recitation of the requisite charging language" for mail fraud allegations.  *Id.*  The United States contends that the indictment "clearly explains the role of the investment certificates, the mailing of which establishes the bases" for counts one through eight, and that the language of the counts in the indictment is clearly sufficient under the law.  *Id.* at 5.

. . . .

1        With regard to the wire fraud charges in counts nine through seventeen, the United States

2 submits that the language of paragraphs five through eleven makes explicit reference to the alleged

3 scheme to defraud investors to transmit money, and that paragraph 15 "provides a thorough and

4 comprehensive recitation of the requisite charging language" for wire fraud allegations. *Id*. at 5-6.

5 The United States further submits that the additional information Defendant claims should be

6 included in the indictment "goes well beyond what is required to adequately inform him of the nature

7 of the charges against him." *Id*. at 6-7.

8        With regard to the money laundering charges in counts eighteen through twenty, the United

9 States submits that the language of paragraphs five through eleven makes explicit reference to the

10 defendants' "misuse of investors' money for personal purposes," and that paragraph 17 "provides

11 a thorough and comprehensive recitation of the requisite charging language" for money laundering

12 allegations. *Id*. at 7. The United States further submits that Defendant's motion ignores the plain

13 text of the indictment, which "explicitly addresses the complaints he raises." *Id*. Therefore, the

14 United States contends, these counts are sufficiently pled. *Id*. at 7-8.

15       The United States notes that each count of the indictment charges Defendant both as a

16 principal actor, under the statutes cited, and as an aider and abettor, pursuant to 18 U.S.C. § 2. *Id*.

17 at 8. The United States submits that 18 U.S.C. § 2 does not define "a new or distinct offense," and

18 that conviction as an aider and abettor is permitted even where the statutes is not explicitly alleged

19 in the indictment. *Id*. (internal citation omitted). Therefore, the United States contends that, by

20 specifically alleging 18 U.S.C. § 2, the indictment "goes beyond" what is legally required, and is thus

21 sufficient. *Id*.

22       With regard to the forfeiture allegations, the United States submits that they are properly

23 pled. *Id*. at 9-10. The United States notes that the indictment alleges that the scheme involved "over

24 $1.5 billion in MRI Certificates." *Id*. at 9. Further, the United States submits that it can seek

25 forfeiture for the total amount gained by the criminal scheme, rather than the amounts specifically

26 set out in the substantive counts. *Id*. at 9-10. Finally, the United States contends that the statute of

27 limitations applies to the substantive offenses and that, as criminal forfeiture is not an offense, the

28 statute of limitations does not bar any portion of the forfeiture allegations. *Id*. at 9.

1    Finally, the United States submits that a bill of particulars is unnecessary in this case. *Id*. at

2    10-11.   In support of this contention, the United States submits that the indictment "provides

3    information well in excess of what is required to sufficiently inform [Defendant] of the charges

4    against him and allow him to prepare adequately for trial; this point alone should [negate] Defendant

5    Fujinaga's demand for a bill of particulars." *Id*.   In addition, the United States contends that it has

6    produced to Defendant "voluminous discovery," which is "meticulously indexed in great detail."

7    *Id*. at 11.   Further, the United States contends that it has accompanied the discovery with "repeated

8    offers" to help Defendant's counsel "navigate the discovery materials and otherwise answer any

9    questions counsel may have." *Id*.   The United States therefore contends that a bill of particulars is

10   not required and is, in fact, unnecessary. *Id*.   The United States thus asks the Court to deny

11   Defendant's motion in its entirety. *Id*. at 12.

12   **II.**   **ANALYSIS**

13       **A.**   **Sufficiency of Indictment Regarding Counts One Through Twenty**

14       Defendant claims that the indictment should be dismissed as insufficient regarding counts

15   one through twenty.   The United States submits that the indictment is sufficient.

16       Pursuant to Federal Rule of Criminal Procedure 12(b), "A party may raise by pretrial motion

17   any defense, objection, or request that the court can determine without a trial on the merits."   In

18   determining a motion to dismiss an indictment, the Court may not look beyond "the four corners of

19   the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren*,

20   278 F.3d 911, 914 (9th Cir. 2002). .   The indictment itself should be "(1) read as a whole; (2) read

21   to include facts which are necessarily implied; and (3) construed according to common sense."

22   *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (*citing United States v. Buckley*, 689

23   F.2d 893, 899 (9th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983)).

24       An indictment is generally considered sufficient if it sets forth the elements of the offenses

25   charged. *United States v. Fernandez*, 388 F.3d 1199, 1200 (9th Cir. 2004). An indictment is

26   "sufficient if: (1) it contains the elements of the offense charged and fairly informs the defendant of

27   the charge against which he must defend; and (2) it enables him to plead an acquittal or conviction

28   in bar of future prosecutions for the same offense." *United States v. Hill*, 279 F.3d 731, 741 (9th Cir.

1  2002) (*citing Hamling v. United States*, 418 U.S. 87 (1974)).  *See also Russell v. United States*, 369

2  U.S. 749, 763-764 (1962); Fed. R. Crim. P. 7(c).  An indictment is generally sufficient if it sets forth

3  the offense in the words of the statute itself as long as "those words of themselves fully, directly, and

4  expressly, without any uncertainty or ambiguity, set forth all of the elements necessary to constitute

5  the offenses intended to be punished." *Hamling*, 418 U.S. at 117.

6       An indictment will withstand a motion to dismiss "if it contains the elements of the charged

7  offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that

8  he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead

9  double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the

10  sufficiency of the charge." *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (quoting *United

11  States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1988)).  "The Supreme Court has held that it is

12  acceptable for an indictment to set forth the offense in the language of the statute itself provided that

13  the language clearly sets forth all the requisite elements of the offense without ambiguity." *Rosi*, 27

14  F.3d at 414 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).  The sufficiency of an

15  indictment is determined by "whether the indictment adequately alleges the elements of the offense

16  and fairly informs the defendant of the charge, not whether the government can prove its case."

17  *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (internal citation omitted).  *See also

18  United States v. Gondinez-Rabadan*, 289 F.3d 690, 633 (9th Cir. 2002) ("test of the sufficiency of

19  the indictment is . . . whether it conforms to minimal constitutional standards").

20       Applying the well-established law, the Court examined counts one through twenty of the

21  indictment in their entirety, and found that each count is sufficient.  The indictment complies with

22  the requirements set forth by the Ninth Circuit in *Hill*, 279 F.3d at 741, and *Rosi*, 27 F.3d at 414,

23  because it contains the elements of the charged offenses, enables Defendant to prepare his defense,

24  enables Defendant to plead double jeopardy, and informs the Court of the alleged facts so that it can

25  determine the sufficiency of the charge.  *See Blinder*, 10 F.3d at 1476 ("An indictment...need only

26  set forth the essential facts necessary to inform the defendant of what crime she is charged; it need

27  not explain all factual evidence to be proved at trial").

28  . . . .

**B.     Sufficiency of Indictment Regarding Aiding and Abetting**

Each count of the indictment charges Defendant with aiding and abetting, pursuant to Title 18, United States Code, Section 2.  Defendant claims that each aiding and abetting charge should be dismissed, as the elements of aiding and abetting are not pled in each count.  The United States asserts that the indictment is more than sufficient, as it is not legally required to plead aiding and abetting.

The Ninth Circuit has "often referred to aiding and abetting as a theory of liability," or as "simply one means of committing a single crime." *United States v. Garcia*, 400 F.3d 816, 820 (9th Cir. 2005).  *See also, e.g., United States v. Angwin*, 271 F.3d 786, 800 (9th Cir. 2001); *United States v. Gaskins*, 849 F.2d 454, 459 (9th Cir. 1988).  The Court has "also held a number of times in different contexts that aiding and abetting is embedded in every federal indictment for a substantive crime." *Garcia*, 400 F.3d at 820; *United States v. Ramirez-Martinez*, 273 F.3d 903, 911 (9th Cir. 2001); *Gaskins*, 849 F.2d at 459 ("all indictments for substantive offenses must be read as if the alternative provided by 18 U.S.C. § 2 were embodied in the indictment") (internal quotation marks and citations omitted); *United States v. Armstrong*, 909 F.2d 1238, 1241, 1242 (9th Cir. 1990) ("Aiding and abetting is implied in every federal indictment for a substantive offense").  Therefore, the *Garcia* Court held that "aiding and abetting is a different means of committing a single crime, not a separate offense itself, for otherwise it could not be implicit in a substantive charge." *Garcia*, 400 F.3d at 820.

As aiding and abetting is implied in every indictment, the United States could not have pled it insufficiently.  Accordingly, the Court finds that the indictment is sufficiently pled with regard to the aiding and abetting charges.  *See Garcia*, 400 F.3d at 820 ("Aiding and abetting is not a separate and distinct offense from the underlying substantive crime, but is a different theory of liability for the same offense").  *See also United States v. Vaandering*, 50 F.3d 696, 702 (9th Cir. 1995) ("Aiding and abetting may be implied in every substantive federal offense").

. . . .

. . . .

. . . .

- 7 -

C. **Forfeiture Allegations**

1. **Amount sought in forfeiture allegations**

Defendant next claims that the forfeiture allegations seek forfeiture of more money than that alleged in the substantive counts. The United States submits that the forfeiture allegations properly seek the amount of money alleged to have been involved in the entire scheme, as set forth in the indictment.

In *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016), the Ninth Circuit rejected Lo's argument that the forfeiture was illegal because the amount forfeited exceeded the amount alleged in the substantive counts of the indictment. As in *Lo*, each offense here contains the "element that the alleged acts be completed in furtherance of a scheme to defraud," and each individual count includes the scheme and artifice to defraud. *Id.* at 793. *See also* Docket No. 1.

In the instant indictment, as in *Lo*, the proceeds from any of the substantive alleged offenses includes funds obtained "as the result of the commission of the offense," and the commission of each alleged substantive offense necessarily includes a fraudulent scheme as a whole, the proceeds of the crime of conviction consist of the funds involved in that fraudulent scheme, including additional executions of the scheme that were not specifically charged. Therefore, the Court finds that the forfeiture allegations properly seek forfeiture of the amount of money alleged in the entire alleged scheme rather than the amount alleged in the substantive counts. *See Lo*, 839 F.3d at 793-794. *See also United States v. Emor,* 850 F.Supp.2d 176, 217 (D.D.C.2012) ("When a defendant has engaged in a mail or wire fraud scheme, forfeiture is not limited to the proceeds gained through the particular mailing or wire transaction on which the conviction was based; rather, it 'extends to the entire scheme' of which the mailing or wire transaction was a part"); *United States v. Capoccia*, 503 F.3d 103, 117–18 (2d Cir. 2007) ("Where the conviction itself is for executing a scheme, engaging in a conspiracy, or conducting a racketeering enterprise," the proceeds for purposes of forfeiture include the proceeds of "that scheme, conspiracy, or enterprise"); *United States v. Hasson*, 333 F.3d 1264, 1279 (11th Cir. 2003) (holding, for purposes of forfeiture, that "[i]n determining what transactions involved the proceeds of mail and wire fraud, the jury was not restricted to the three substantive counts of wire fraud on which it returned a guilty verdict" and could consider evidence of fraud

1  adduced in support of an additional money laundering count).

2  **2.    Statute of limitations**

3  Defendant next claims that the United States is statutorily barred from seeking forfeiture

4  relating to any activity alleged to have occurred prior to July 8, 2010, and that the amount alleged

5  in the forfeiture allegations includes activity prior to that date.  Defendant, however, cites no

6  authority whatsoever to support his assertion that any part of the forfeiture allegation is barred by the

7  statute of limitations.  The United States submits that forfeiture is not a substantive offense and is,

8  therefore, not barred by the statute of limitations.

9  Criminal forfeiture is "not a separate, substantive charge; but is instead part of the sentence."

10 *United States v. Lazarenko*, 504 F.Supp. 791, 796-797 (N.D.Cal. 2007).  *See also Libretti v. United*

11 *States*, 516 U.S. 29, 39 (1995) (forfeiture is part of sentence intended as punishment for criminal

12 conduct, not a separate substantive offense).  As forfeiture is not a substantive offense, and as the

13 caselaw clearly establishes that the United States may seek the forfeiture of all proceeds involved

14 in a scheme or conspiracy, the Court finds that no portion of the forfeiture allegations is barred by

15 the statute of limitations.  *See United States v. Sigillito*, 899 F.Supp.2d 850, 862 (E.D.Mo. 2012).

16 **D.    Bill of Particulars**

17 In the alternative, Defendant asserts that the United States should file a bill of particulars

18 identifying with particularity information in ten separate categories.  The United States submits that

19 the indictment sufficiently pleads the alleged offenses and, in any event, it has provided full and

20 voluminous discovery to Defendant.

21 An indictment "must be a plain, concise, and definite written statement of the essential facts

22 constituting the offense charged," and must "give the official or customary citation of the statute,

23 rule, regulation, or other provision of law that the defendant is alleged to have violated."

24 Fed.R.Crim.P. 7(c).  The Federal Rules of Criminal Procedure "were designed to eliminate

25 technicalities in criminal pleadings and are to be construed to secure simplicity in procedure."

26 *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007) (internal citation omitted).  Therefore,

27 while "detailed allegations might well have been required under common-law pleading rules, ... they

28 surely are not contemplated by [Fed.R.Crim.P.] 7(c)(1)..."  *Id*.  Rather, the constitutional

requirements for an indictment are "first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id.*, 549 U.S. at 108 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974).

Federal Rule of Criminal Procedure 7(f) provides:

> The court may direct the government to file a bill of particulars. The defendant may more for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed.R.Crim.P. 7(f). The decision whether or not to grant a motion for a bill of particulars is committed to the discretion of the trial court. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). The purposes of a bill of particulars "are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense." *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984). Additionally, the Ninth Circuit has said that the bill of particulars has three functions:

> to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (quoting *United States v. Brimley*, 529 F.2d 103, 108 (6th Cir. 1976)). The function and purpose of the bill of particulars is served when, "the indictment itself provides sufficient details of the charges and [when] the Government provides full discovery to the defense." *Mitchell*, 744 F.2d at 705. The court "should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Long*, 706 F.2d at 1054 (*citing Giese*, 597 F.2d at 1180). The defendant "is not entitled to know all the Evidence the government intends to produce, but only the Theory of the government's case." *Giese*, 597 F.2d at 1181 (internal citation omitted). A request for the "'when, where, and how' of every act ... [is] equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars." *Id.*

. . . .

1    In the present case, the categories of information requested by Defendant far exceed the

2  purpose of a bill of particulars.  *See Giese*, 597 F.2d at 1181.  Additionally, the language of the

3  indictment is clear, and when read as a whole sufficiently informs Defendant of the charges against

4  him.  Finally, the United States represents that full, voluminous discovery has been provided to

5  Defendant, a representation corroborated by Defendant himself.  *See* Docket No. 33 at 30.

6  **III.**    **CONCLUSION**

7    Accordingly,

8    Based on the foregoing and good cause appearing therefore,

9    IT IS RECOMMENDED that Defendant's Motion to Dismiss Indictment (Docket No. 32)

10  be **DENIED**.

11                              **NOTICE**

12    Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must**

13  **be in writing and filed with the Clerk of the Court within 14 days of service of this document.**

14  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived

15  due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142

16  (1985).  This Circuit has also held that (1) failure to file objections within the specified time and (2)

17  failure to properly address and brief the objectionable issues waives the right to appeal the District

18  Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951

19  F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir.

20  1983).

21    DATED this 27th day of December, 2016.

22

23

24                              _____

25                              NANCY J. KOPPE
                               United States Magistrate Judge

26

27

28