UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 2:15-cr-0198-GMN-NJK |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| EDWIN FUJINAGA, ) |  |
| Defendant. ) |  |

Pending before the Court is the Report and Recommendation, (ECF No. 81), entered by the Honorable Magistrate Judge Nancy J. Koppe on December 27, 2016, denying the Motion to Dismiss, (ECF No. 32), filed by Defendant Edwin Fujinaga ("Fujinaga"). Fujinaga timely filed his Objection, (ECF No. 71), and the Government filed a Response, (ECF No. 72).

**I. BACKGROUND**

On July 8, 2015, a grand jury returned an Indictment for Fujinaga, Junzo Suzuki ("J. Suzuki"), and Paul Suzuki ("P. Suzuki") (collectively "Defendants"). (Indictment ("Ind.") at 1–2, ECF No. 1). Defendants were indicted for owning and operating MRI International Inc. ("MRI"), a Nevada Limited Liability Corporation in Las Vegas, Nevada. (Ind. ¶ 4). Fujinaga was the president, chief executive officer, and sole owner of MRI. (*Id.*). J. Suzuki was the executive vice president and P. Suzuki was the general manager of MRI's Japanese operations. (*Id.*).

From 2009 to 2013, Defendants advertised that MRI was engaged in the business of purchasing medical accounts receivable ("MARS"). (*Id.* ¶ 6). MARS are accounts with debts that medical patients owe to doctors or hospitals that provided the patients

services. (*See id.*). MRI advertised itself as a company that bought MARS at a discounted rate and then was able to collect fully on the account in order to make a profit. (*Id.*). The profit was allegedly derived from the difference of how much was owed on the account and the amount that the MARS was purchased for. (*Id.*). MRI advertised that it was able to make this profit through its "purportedly superior collections capability." (*Id.*).

Specifically, MRI made its profit by soliciting investments through offering Certificates of Investment ("Certificates"). (*Id.* ¶ 7). These Certificates claimed to provide investors with a consistent and predictable return through the profit from the MARS. (*Id.*). The Certificates were marketed "primarily, if not exclusively" to Japanese citizens through MRI's center in Tokyo. (*Id.* ¶ 7). The Certificates were advertised seemingly as a bond with payments, a principal, and a maturity date. (*Id.*). Once the Certificates reached their maturity date, investors were allowed to either reinvest into a new Certificate, or receive cash payment of the amount they were due. (*Id.*). However, because Defendants never actually invested in MARS, they used the money solicited from the new investors' Certificates to pay the prior investors' maturing investments. (*Id.* ¶ 9).

Defendants acquired these investors by "knowingly publishing, mailing, distributing, and transmitting promotional materials that falsely represented that MRI would use any money invested in the Certificates exclusively to purchase MARS." (*Id.* ¶ 8). Defendants also advertised to investors that nobody from MRI, or anyone else, was able to expend investment money for any purpose other than the purchase of MARS. (*Id.*). However, Defendants "regularly expended investor money for things other than purchasing MARS," such as "paying themselves sales commissions, subsidizing

gambling habits, paying for personal travel by private jet, and other personal expenses." (*Id.* ¶ 10).

Accordingly, Fujinaga was charged in the Indictment with: counts one through eight in violation of 18 U.S.C. § 1341 Mail Fraud; counts nine through seventeen in violation of 18 U.S.C. § 1343 Wire Fraud; and counts eighteen through twenty in violation of 18 U.S.C. § 1957 Monetary Transactions in property derived from specified unlawful activity. (*See generally id.*).

In his Motion to Dismiss, Fujinaga seeks to dismiss counts one through twenty of his Indictment and the forfeiture allegations one through three because "such counts are impermissibly vague and deprives [sic] [ ] Fujinaga of a critical constitutional protection." (Mot. to Dismiss ("MTD") 2:7–11, ECF No. 32). Alternatively, if the Court finds that the counts are sufficient, Fujinaga asks the Court for a bill of particulars identifying, *inter alia*, "[t]he basis for the allegation that the scheme or artifice to defraud began [ ] from at least 2009 and continuing until at least in or about April 2013." (*Id.* 7:6–10).

In the Report and Recommendation, Judge Koppe found that "[a]pplying well-established law, the Court examined counts one through twenty of the [I]ndictment in their entirety, and found that each count is sufficient." (R. & R. 6:20–21, ECF No. 70). Moreover, Judge Koppe found that "the forfeiture allegations properly seek forfeiture of the amount of money alleged in the entire alleged scheme rather than the amount alleged in the substantive counts." (*Id.* 8:16–18). Regarding the bill of particulars, Judge Koppe found that "the categories of information requested by [Fujinaga] far exceed the purpose of a bill of particulars" and "the language of the [I]ndictment is clear, and when read as a whole sufficiently informs [Fujinaga] of the charges against him." (*Id.* 11:1–4). As such,

Judge Koppe recommended denying Fujinaga's Motion to Dismiss the Indictment. (*Id.* 11:8–10).

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a de novo determination of those portions of the Report to which objections are made. *Id*.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III. DISCUSSION

Fujinaga asserts two objections to Judge Koppe's Report and Recommendation denying the Motion to Dismiss. (*See* Obj., ECF No. 71).  First, Fujinaga asserts that none of the counts in the indictment are sufficiently pled. (*Id.* 3:9–5:26).  Second, Fujinaga asserts that even if the counts are sufficiently pled, he is still entitled to a bill of particulars. (*Id.* 6:1–8:8).  The objections will be addressed in turn.

### A. First Objection: Sufficiency of the Indictment

Having reviewed the record in this case, the Court agrees with Judge Koppe that the counts in the Indictment are sufficiently pled.  In the Report and Recommendation, Judge Koppe first addressed counts one through twenty, then addressed the counts regarding aiding and abetting, and finally addressed the forfeiture allegations. (R. & R. 5:12–9:15).  In all three situations, Judge Koppe found that the Indictment is sufficient. (*See id.*).

In the Ninth Circuit, "[a]n indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him

to plead double jeopardy." *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982). To determine this, the indictment should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." *Id.* at 899.

Fujinaga argues that "the [I]ndictment is defective because it fails to allege a scheme to defraud." (Obj. 4:3). However, the Indictment sufficiently alleges offenses under both the mail fraud statute, 18 U.S.C. § 1341, and the wire fraud statute, 18 U.S.C. § 1343. In both these statutes, fraud consists of using the mail or wires in "any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises." *See* 18 U.S.C. § 1341; 18 U.S.C. § 1343.

The Indictment specifically states, "the [D]efendants fraudulently induced investments by knowingly publishing, mailing, distributing, and transmitting promotional materials that falsely represented that MRI would use any money invested in the Certificates exclusively to purchase MARS, the purported profitable business of MRI." (Ind. ¶ 8). This statement provides the statutory language, Defendants' scheme to defraud, and the false pretenses, misrepresentation, or promises forming a part of Defendant's scheme. Moreover, the Indictment contains the elements of the charged offenses, informs Fujinaga of the charges, enables him to prepare his defense, enables him to plead double jeopardy, and informs the Court of the alleged facts in order to determine its sufficiency. *See Buckley*, 689 F.2d at 897. As such, the Court overrules Fujinaga's objection as to the sufficiency of the Indictment.

**B. Second Objection: Bill of Particulars**

Regarding the second objection, the Court agrees with Judge Koppe that "the categories of information requested by [Fujinaga] far exceed the purpose of a bill of particulars." (R. & R. 11:1–2). The Ninth Circuit holds that a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(c) has three functions: (1) "to inform the

defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial;" (2) "to avoid or minimize the danger of surprise at the time of trial;" and (3) "to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).

Moreover, "[t]o the extent that an indictment itself provides sufficient detail to allow a defendant to craft his defense, a bill of particulars is, of course, unnecessary." *United States v. Mark*, No. 211CR00453GMNRJJ, 2012 WL 12542450, at *1 (D. Nev. July 10, 2012). "The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *United States v. Kendall*, 665 F.2d 126, 135 (9th Cir. 1981).

Fujinaga asserts that a bill of particulars is necessary because the Indictment is vague and because "discovery is voluminous." (*See* Obj. 6:1–11). The Court, however, agrees with Judge Koppe that "the language of the [I]ndictment is clear." (R. & R. 11:2–3). Moreover, through both the information provided in the Indictment and the voluminous discovery, Fujinaga is sufficiently apprised of the charges against him with enough precision to enable him to prepare his defense and avoid unfair surprise at trial. *See Giese*, 597 F.2d at 1180. As such, the Court overrules Fujinaga's second objection for a bill of particulars.

Accordingly, the Court has conducted a *de novo* review of the record in accordance with 28 U.S.C. § 636(b)(1) and Local Rule IB 3-2 and determines that Magistrate Judge Koppe's Report and Recommendation should be accepted.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 70), is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Fujinaga's Motion to Dismiss, (ECF No. 32), is **DENIED**.

**DATED** this __23__ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court