# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>vs.<br><br>EDWIN FUJINAGA,<br><br>    Defendant. | Case No. 2:15-cr-00198-GMN-NJK<br><br>ORDER<br><br>(Docket No. 114) |

On October 1, 2018, Defendant Edwin Fujinaga filed a motion to dismiss the criminal indictment pending against him. Docket No. 114. Defendant certifies that, although his motion is filed after the expiration of the pretrial motion deadline, it is timely nonetheless because the "information that formed the factual basis for the motion was just discovered." *Id*. at 1. Defendant submits that his counsel has "recently" discovered information that he submits demonstrates that the indictment against him should be dismissed. *Id*. at 3. Defendant does not specify when this information was discovered and the declaration upon which he relies, which was written on September 28, 2018, also fails to disclose on what date Defendant's expert conducted her examination. Docket No. 114-1 at 1-4.

The United States characterizes Defendant's motion as "belated." Docket No. 131 at 2. The United States submits that it produced to Defendant the entire database and balance sheets on

1 | which Defendant's motion relies, on August 28, 2015. *Id*. at 9. Further, the United States submits
2 | that Defendant's counsel has had access to all materials and devices seized in the related civil case
3 | and in the custody of a Receiver since October 28, 2015. *Id*. at 5. Nonetheless, counsel's first
4 | visit to the Receiver's storage facility appears to have occurred in August 2017, during which
5 | counsel did not copy any electronic media. *Id*.

6 | In reply, Defendant does not dispute any of the dates of production submitted by the United
7 | States in its response. *See* Docket No. 139.

8 | A motion to dismiss an indictment must be made prior to trial. Fed.R.Crim.P. 12(b)(3)(B).
9 | A district court may set a deadline by which parties must make pretrial motions, and may extend
10 | or reset that deadline. Fed.R.Crim.P. 12(c)(1), 12(c)(2). "If a party does not meet the deadline for
11 | making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense,
12 | objection, or request if the party shows good cause." Fed.R.Crim.P. 12(c)(3).

13 | Here, the indictment was filed on July 8, 2015. Docket No. 1. On December 21, 2016, the
14 | Court extended its originally-set pretrial motion deadline until January 31, 2017. Docket No. 69
15 | at 1. On August 9, 2017, the parties agreed to a firm trial date of October 29, 2018, and the Court
16 | set that date for trial. Docket No. 81.

17 | On October 1, 2018, 28 days before trial, Defendant filed the instant pretrial motion.
18 | Docket No. 114. This motion is based on discovery that was provided to Defendant by the United
19 | States in 2015. Docket No. 131 at 9. The motion became ripe, with the filing of Defendant's
20 | reply, on October 15, 2018, at 5:56 p.m. Docket No. 139. The Court finds that Defendant's failure
21 | to examine evidence in his possession for three years until shortly before the trial date does not
22 | constitute good cause to extend the pretrial motion deadline. *See United States v. Herrera*, 2011
23 |

WL 684231, at *2 (N.D.Cal. Feb. 16, 2011) (motion to dismiss "could have been made more than a year ago prior to the deadline" for pretrial motions).

Accordingly, Defendant's motion to dismiss, Docket No. 114, is hereby **STRICKEN** as untimely filed.

IT IS SO ORDERED.

DATED: October 16, 2018.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE