# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>EDWIN FUJINAGA,<br><br>        Defendant. | Case No. 2:15-cr-00198-GMN-NJK<br><br>ORDER<br><br>(Docket No. 151) |

Pending before the Court is Defendant Edwin Fujinaga's motion to reconsider. Docket No. 151. Defendant asks the Court to reconsider its order at Docket No. 143 striking his motion to dismiss. *Id*. The Court has considered Defendant's motion and the United States' response. Docket Nos. 151, 170. No reply is necessary.

On October 1, 2018, Defendant filed a motion to dismiss the criminal indictment pending against him. Docket No. 114. In his motion, Defendant submitted that his counsel had "recently" discovered information that, he submitted demonstrates that the indictment against him should be dismissed. *Id*. at 3. The United States characterized Defendant's motion as "belated," as it produced to Defendant the entire database and balance sheets on which Defendant's motion relies on August 28, 2015. *Id*. at 9. Docket No. 131 at 2, 9.

The Court found that the motion to dismiss, filed 28 days before trial, was based on discovery that had been provided to Defendant more than three years prior to its filing. Docket No. 143 at 2. The Court further found that Defendant's failure to examine evidence in his possession for three years until shortly before the trial date did not constitute good cause to extend

the pretrial motion deadline. *Id*. Therefore, the Court struck Defendant's motion to dismiss as untimely. *Id*. at 3.

Defendant now asks the Court to reconsider its order striking his motion to dismiss. Docket No. 151. Defendant submits that his motion provides new evidence regarding the motion to dismiss; specifically, while Defendant does not dispute the dates discovery was provided, he submits that the Federal Public Defender's Office was not appointed to represent him until October 2016. *Id*. at 2. Defendant further submits that September 26, 2018 was the date that his expert first discovered the alleged discrepancy about which he bases his motion to dismiss. *Id*. Defendant therefore submits that reconsideration is "necessary" because the Court "erroneously relied on the misconception that the defense team had evidence in [its] possession" for three years; because his expert first discovered the discrepancy on September 26, 2018; and because the United States intends to rely upon the MAS 90 database. *Id*. at 3-4.

In response, the United States asks the Court to deny Defendant's motion, as reconsideration of the Court's prior order is not warranted. Docket No. 170. The United States submits that Defendant's change of counsel two years ago does not constitute good cause for filing an untimely motion to dismiss. *Id*. at 2. In any event, the United States submits, the pretrial motions deadline was January 31, 2017 when the Federal Public Defender was appointed in October 2016. *Id*. The United States submits that the Federal Public Defender did not request an extension of the deadline, and has failed to offer any justification for the 20 months of delay since its appointment. *Id*. Therefore, the United States submits, the Court's order is not erroneous or unjust, there has been no change controlling law, and no new evidence has been presented. *Id*. at 3-4.

While the Federal Rules of Criminal Procedure do not contain a provision specifically allowing motions for reconsideration, numerous circuit courts have held that motions for reconsideration may be filed in criminal cases. *See United States v. Martin*, 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000) (post-judgment motion for reconsideration may be filed in a criminal case and governed by Fed.R.Civ.P. 59(e)); *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed.R.Civ.P. 59(e) or Fed.R.Civ.P. 60(b)); *United States v. Clark*, 984 F.2d 31, 33-34 (2d Cir. 1993) (motion for reconsideration filed in criminal case within 10 days of subject order is treated under Fed.R.Civ.P. 59(e)). Motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings. *See United States v. Hector*, 368 F. Supp. 2d 1060, 1062-63 (C.D. Cal. 2005) *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007); *see also United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)).

Reconsideration is appropriate if the Court: (1) is presented with newly discovered evidence; (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003). Motions for reconsideration are disfavored. Local Rule 59-1(b). Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).

The Federal Public Defender was appointed as counsel for Defendant on October 14, 2016. Docket No. 62. From the inception of the case until the appointment of the Federal Public Defender, Defendant was represented by private counsel. Docket Nos. 10, 24, 25, 26, 27, 55, 62.

Defendant submits that the fact that the Federal Public Defender was not appointed until October 2016 warrants reconsideration of the Court's prior order, despite the fact that the discovery at issue was provided to Defendant, through his counsel, on August 28, 2015. The Court disagrees. Defendant has been represented by counsel throughout the case, including when discovery was provided. Even if the Court looks only at the time the Federal Public Defender has represented him, however, two years have passed since counsel was appointed. Counsel never asked for an extension of the pretrial motions deadline, which expired three months after its appointment. Additionally, the fact that Defendant's expert did not discover what Defendant terms a discrepancy until September 2018, does not warrant reconsideration, particularly considering that the alleged discrepancy was discovered by examining the discovery that was produced in 2015 and provided to current counsel no later than 2016. Defendant has not shown, or even attempted to show, good cause for this delay in evaluating the discovery. Finally, the fact that the United States intends to rely upon a database it produced in discovery three years ago is not new evidence.

The Court finds that Defendant has failed to present the Court with newly-discovered evidence; demonstrate that the Court committed clear error, or the initial decision was manifestly unjust; or show that there is an intervening change in controlling law. Therefore, reconsideration of the Court's prior order is not appropriate.

Accordingly, Defendant's motion for reconsideration of the Court's order striking his motion to dismiss as untimely filed, Docket No. 151, is hereby **DENIED**.

IT IS SO ORDERED.

DATED: October 22, 2018.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE