# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

EDWIN FUJINAGA,

        Defendant.

Case No. 2:15-cr-00198-GMN-NJK

ORDER

(Docket No. 175)

Pending before the Court is Defendant Edwin Fujinaga's motion to reconsider. Docket No. 175. Defendant asks the Court to reconsider its order at Docket No. 130 denying his motion to compel. *Id.* The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 175, 185, 191.

## I.    BACKGROUND

On September 14, 2018, Defendant filed a motion to compel discovery. Docket No. 96. Defendant asked the Court to compel the United States to produce in discovery, pursuant to the *Jencks* Act, *Brady*, and Fed.R.Crim.P. 16, "any reports created by agents of the Financial Services Agency of Japan ('JFSA') and any other affiliated Japanese attorneys involved in the joint investigation between the United States and Japanese governments into the allegations against MRI, [Defendant], and the Suzukis. *Id.* at 1, 6. The United States responded that no joint investigation existed with the Japanese agency and that, in any event, it made good faith efforts to obtain the requested discovery. Docket No. 103 at 8-14. *See also* Docket No. 124. Defendant replied that Yuchiro Enomoto was a JFSA employee who was also a Securities and Exchange

Commission ("SEC") employee by secondment during the unrelated investigation in 2013. Docket No. 104 at 3. Defendant submitted that Enomoto's role regarding the SEC "included reviewing and analyzing certain Japanese and English documents provided by MRI." *Id*. at 4. Therefore, Defendant submitted, a joint investigation existed, and the United States should be required to demonstrate that it made a good faith effort to obtain any material regarding Enomoto's reports that qualify as discovery under the applicable rules and caselaw. *Id*. at 4-5.

The Court found that the United States engaged in a good faith effort to obtain the discovery from the Japanese investigators. Docket No. 130. Therefore, the Court found that, even assuming a joint investigation took place, the United States fulfilled its discovery obligations. *Id*. Accordingly, the Court denied Defendant's motion to compel. *Id*.

Defendant now asks the Court to reconsider its order denying his motion to compel. Docket No. 175. Defendant submits that, his counsel's "further review of reports and depositions in preparation for trial," shows that Enomoto is an SEC employee. *Id*. at 3. In support of this argument, Defendant submits that, in a deposition taken of Peter Munoz on April 17, 2013, Enomoto is listed as an employee of the "United States Securities and Exchange Commission, Office of Internal Affairs." *Id*. Defendant further submits that Enomoto specifically states that he works for the SEC. *Id*. at 4. As Enomoto was an SEC employee at the time of the 2013 investigation into MRI, the United States must turn over "any reports or statements created by Enomoto." *Id*. Defendant submits that the United States has both knowledge of and access to the SEC's documents, as the SEC has provided "documents and assistance to this prosecution team." *Id*. at 5. Therefore, Defendant asks the Court to reconsider its prior order denying his motion to compel. *Id*. at 6.

In response, the United States submits that Defendant's original motion cited to the telephonic presence of Enomoto, who was a JFSA employee "then-seconded to the SEC," at six DOJ/FBI interviews as evidence of a joint investigation between the United States and the JFSA. Docket No. 185 at 2. The United States submits that now, approximately a month later, Defendant "has made an about-face and now claims that the actions of the same employee, Mr. Enomoto, are now evidence that the *SEC* engaged in a joint investigation with the Government, and thus he is entitled to Enomoto's reports." *Id*. (emphasis in original). The United States submits that, at the time of the original motion to compel, it acknowledged that Enomoto was "an SEC employee via secondment" who participated in six interviews. *Id*. at 3. Further, the United States submits that the deposition transcript to which Defendant cites in his motion to reconsideration was produced in discovery on August 28, 2015. *Id*. Therefore, the United States contends that Defendant has failed to establish any of the required standards for the Court to reconsider its prior order. *Id*.

If the Court were to consider Defendant's motion on its merits, the United States submits, it should still be denied. *Id*. The United States submits that Defendant has failed to make a showing that it engaged in a joint investigation with the SEC, or that it has knowledge of or access to any of the documents Defendant now requests. *Id*. Further, the United States submits that it did not receive and does not possess SEC work product other than the SEC materials from its civil suit against Defendant, to which he already has access. *Id*. at 4. Additionally, the United States submits that it inquired into whether any SEC notes or reports exist for the interviews in which Enomoto participated, and has been told that the practice of SEC agents during the relevant interviews was not to take notes; therefore, it appears that none exist. *Id*. at 4, n. 1. The United States also submits that Enomoto has returned from his secondment with the SEC to the JFSA, and is not a witness in the instant case. *Id*. at 4. Therefore, the United States submits that any reports

written by Enomoto, if they exist, are not Jencks or discoverable under Rule 16, and Defendant's claim that Brady/Giglio information could be found in any notes taken by Enomoto, "which there is no reason to believe even exist, is the kind of rank speculation that courts routinely reject." *Id*.

In reply, Defendant submits that the Unitd States misconstrues the ground for his motion and that, in fact, based on further review of the discovery after he filed his motion to compel, Defendant now believes that Enomoto was an employee solely of the SEC, not the JFSA, during the 2013 investigation into MRI. Docket No. 191 at 2. Therefore, Defendant asks the Court to reconsider its prior order denying his motion to compel any reports or notes drafted by Enomoto because the United States has knowledge of and access to the SEC's documents from its 2013 investigation. *Id*. at 2-3. Defendant submits that the United States' determination that Enomoto did not take notes during the interviews is "pure speculation" based on the practice of an SEC attorney. *Id*. at 3. Further, Defendant submits that the United States has not spoken with Enomoto himself to determine if he took reports or notes during the investigation and, therefore, characterizes the United States' efforts to obtain any such documents that may exist as "half-hearted." *Id*. Finally, Defendant submits that the United States has an obligation to produce any reports Enomoto created memorializing the interviews of Peter Munoz and Arlene Pena, as both are witnesses that the United States intends to call at trial. *Id*.

## II.    ANALYSIS

While the Federal Rules of Criminal Procedure do not contain a provision specifically allowing motions for reconsideration, numerous circuit courts have held that motions for reconsideration may be filed in criminal cases. *See United States v. Martin*, 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000) (post-judgment motion for reconsideration may be filed in a criminal case and governed by Fed.R.Civ.P. 59(e)); *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003)

(motion for reconsideration allowed in criminal case and governed by Fed.R.Civ.P. 59(e) or Fed.R.Civ.P. 60(b)); *United States v. Clark*, 984 F.2d 31, 33-34 (2d Cir. 1993) (motion for reconsideration filed in criminal case within 10 days of subject order is treated under Fed.R.Civ.P. 59(e)). Motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings. *See United States v. Hector*, 368 F. Supp. 2d 1060, 1062-63 (C.D. Cal. 2005) *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007); *see also United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)).

Reconsideration is appropriate if the Court: (1) is presented with newly discovered evidence; (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003). Motions for reconsideration are disfavored. Local Rule 59-1(b). Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). A motion for reconsideration "should not be granted, absent highly unusual circumstances" and "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted) (emphasis in original).

Here, Defendant makes no attempt to demonstrate any of the standards necessary for reconsideration. Instead, he relies solely upon the fact that a further review of discovery that was provided over three years ago (and which his current attorneys have had for two years) has caused him to believe that Enomoto was an employee of the SEC, not the JFSA, during the 2013

investigation of MRI. This argument about Enomoto's employment, borne of a review of discovery long in the hands of defense counsel, clearly could reasonably have been raised in the motion to compel. Further, this review of long-held discovery does not constitute newly discovered evidence, or demonstrate that the Court committed clear error or its prior decision was unjust. Finally, Defendant has not presented any argument that an intervening change in controlling law has occurred, and the Court's own research demonstrates that it has not. Therefore, reconsideration of the Court's prior order is not appropriate.[1]

Accordingly, Defendant's motion for reconsideration of the Court's order denying his motion to compel, Docket No. 175, is hereby **DENIED**.

IT IS SO ORDERED.

DATED: October 25, 2018.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[1] As the Court finds that reconsideration is not appropriate, it does not reach the merits of Defendant's motion to compel. The Court notes, however, that Defendant's motion relies solely upon speculation that Enomoto may have taken notes or written reports, and those documents that may exist may contain *Brady* information. This speculation is unpersuasive. Defendant must create an inference that the documents he asks to compel exist, as the Court cannot compel the United States to produce nonexistent materials. *United States v. Galecki*, 2018 WL 3350872 at *4 (internal citations omitted). *See also United States v. Michaels*, 796 F.2d 1112, 1116 (9th Cir. 1986) ("[M]ere speculation about materials in the government's files" does not require a court to make those materials available to the defendant under *Brady*).