UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> EDWIN FUJINAGA, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:15-cr-00198-GMN-NJK <br><br> **ORDER** |

Pending before the Court is Defendant Edwin Fujinaga's ("Defendant's") Motion for Release on Personal Recognizance Bond Pending Appeal ("Motion for Release"), (ECF No. 436). The Government filed a Response, (ECF No. 440), and Defendant filed a Reply, (ECF No. 441).

Also pending before the Court is Defendant's Motion for Leave to File Exhibits Under Seal, (ECF No. 437). The Government did not file a Response.[1]

For the reasons discussed below, the Court **GRANTS** Defendant's Motion for Leave to File Exhibits and **DENIES** Defendant's Motion for Release.

I. **BACKGROUND**

On July 8, 2015, a grand jury returned an Indictment for Defendant, Junzo Suzuki ("J. Suzuki"), and Paul Suzuki ("P. Suzuki") (collectively, "Defendants"). (*See generally* Indictment, ECF No. 1). Defendants were indicted for owning and operating MRI International Inc. ("MRI"), a Nevada Limited Liability Corporation in Las Vegas, Nevada. (*Id*. ¶ 4).

---

[1] "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." D. Nev. LR 7-2(d). As the Government has not opposed the Motion, the Court **GRANTS** the Motion for Leave to File Exhibits Under Seal, (ECF No. 437).

1  Defendant was the president, chief executive officer, and sole owner of MRI. (*Id.*).  J. Suzuki
2  was the executive vice president and P. Suzuki was the general manager of MRI's Japanese
3  operations. (*Id.*).  Defendant was charged in the Indictment with: Counts One through Eight in
4  violation of 18 U.S.C. § 1341 Mail Fraud; Counts Nine through Seventeen in violation of 18
5  U.S.C. § 1343 Wire Fraud; and Counts Eighteen through Twenty in violation of 18 U.S.C. §
6  1957 Monetary Transactions in property derived from specified unlawful activity. (*See*
7  *generally id.*).  Following a 17-day jury trial, Defendant was found guilty on all charges. (*See*
8  Mins. Proceeding Jury Trial (Day 17), ECF No. 262); (*see also* Partial Transcript of
9  Proceedings 6:25–9:12, ECF No. 273).  On May 23, 2019, the Court sentenced Defendant to a
10 total of 50 years custody: 20 years as to Counts 1–8, concurrent to one another and consecutive
11 as to Counts 9–20; 20 years as to Counts 9–17, concurrent to one another and consecutive as to
12 Counts 1–8 and 18–20; and 10 years as to Counts 18–20, concurrent to one another and
13 consecutive to Counts 1–17.[2] (Mins. Proceeding, ECF No. 330); (J. at 3, ECF No. 338).  On
14 June 28, 2019, Defendant filed a Notice of Appeal. (*See* Notice of Appeal, ECF No. 339).
15 Defendant thereafter filed the instant Motion for Release on Personal Recognizance Bond,
16 (ECF No. 436).

17 **II.    LEGAL STANDARD**

18        Under 18 U.S.C. § 3143(b)(1), a defendant may not be granted bond pending appeal
19 unless (1) the defendant proves by "clear and convincing evidence that [he] is not likely to flee
20 or pose a danger to the safety of any other person or the community if released," and (2) the
21 defendant's appeal is not brought for the purpose of delay and raises:

22 > a substantial question of law or fact likely to result in (i) reversal, (ii) an order for
> a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a
23 > reduced sentence to a term of imprisonment less than the total of the time already
> served plus the expected duration of the appeal process."
24

---

[2] In addition, the Court ordered Defendant to make restitution in the amount of $1,129,409,449.00 and signed a Final Order of Forfeiture. (*See* J., ECF No. 338).

18 U.S.C. 3143(b)(1). This statute creates a presumption against post-conviction release and places the burden of meeting the criteria squarely on the Defendant, *United States v. Wheeler*, 795 F.2d 839, 840 (9th Cir. 1986), and it is a heavy burden. *United States v. Gerald N.*, 900 F.2d 189, 191 (9th Cir. 1990); *see United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985); *see also United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

### III.  DISCUSSION

In the present Motion, Defendant argues that granting his release pending appeal is warranted because: (1) Defendant is neither a flight risk nor a danger to the community; and (2) his appeal presents several issues with a substantial likelihood that his case will be reversed for new trial. (Mot. Release 1:18–2:10, ECF No. 436). Defendant emphasizes that his high risk for contracting the COVID-19 virus presents an "exceptional reason" to grant release. (*Id*. 14:12–24:7). The Government, in response, argues that Defendant "has not demonstrated that he is no longer a risk of flight or that his appeal is likely to result in the reversal of his convictions." (Resp. to Mot. Release 2:1–2, ECF No. 440). The Court first addresses Defendant's flight risk and danger to the community.

**A. Flight Risk**

Defendant claims that he is not a flight risk and does not pose a danger to the community given his "unblemished record of compliance with bond, his lack of prior criminal history, the non-violent nature of the instant offense, and his high-risk for severe COVID-19 infection or death." (Mot. Release 5:8–12). The Government argues that Defendant fails to provide clear and convincing evidence that he is not a flight risk because, "having now experienced prison and knowing that the rest of his life will be spent there, [Defendant] undoubtedly would have no wish to return if released." (Resp. to Mot. Release 10:6–8). Given that the Government does not dispute whether Defendant is a danger to the community, the Court limits its analysis to whether Defendant is a flight risk.

In determining whether a person is "likely to flee or pose a danger to the safety" of the community, the Court considers the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history of the person, including [] the person's character, physical and mental condition, family ties, employment, financial resources, length of residency in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). Defendant must demonstrate, "by clear and convincing evidence" that he "is not likely to flee or pose a danger" to the public. *See* 18 U.S.C. § 3143(b)(1)(A).

Here, Defendant is currently serving a 50-year sentence. (*See* Mins. Proceeding, ECF No. 330); (*see also* J., ECF No. 338). This lengthy sentence supports a finding that Defendant poses a flight risk. *See Elvik v. Bunce*, No. 3:04-cv-00471-GMN-WGC, 2014 U.S. Dist. LEXIS 84487, at *11 (D. Nev. June 19, 2014). Defendant argues that he is not a flight risk because his pending appeal and potential new trial disincentivizes him from fleeing. (Reply to Mot. Release 5:8–13, ECF No. 441). Defendant's argument, however, hinges on his misguided belief that his appeal is likely to succeed. (*Id*.). As discussed in detail below, Defendant fails to raise a substantial question of law or fact likely to result in reversal. Defendant further does not provide any caselaw or authority to support its argument that the pending appeal of his case discourages flight. Defendant thus is unable to demonstrate by "clear and convincing evidence" that he is not likely to flee. *See* 18 U.S.C. § 3143(b)(1)(A). In light of the weight of the evidence against Defendant because of the jury's verdict and the fact that Defendant is

facing a lengthy prison sentence that creates a substantial risk of non-appearance, the Court finds that release pending sentence would be inappropriate. *See* 18 U.S.C. § 3142(g).[3]

### B. Substantial Question of Law or Fact Likely to Result in Reversal

Defendant additionally claims that his appeal presents substantial questions likely to result in reversal or new trial. (Mot. Release 10:13–14:11).  Section 3143(b)(1)(B) requires that a defendant establish a "substantial question of law" that is "likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time served plus the expected duration of the appeal process." *See* 18 U.S.C. § 3143(b)(1)(B).  The Ninth Circuit has explained that "the word 'substantial' defines the level of merit required in the question raised on appeal, while the phrase 'likely to result in reversal' defines the type of question that must be presented." *United States v. Handy*, 761 F.2d 1279, 1281 (9th Cir. 1985).  A "substantial question" is one that is "fairly debatable" or "fairly doubtful." *Id*. at 1283.

In an attempt to meet his burden, Defendant asserts eight appellate issues: (1) the Government's *Brady* violation by withholding evidence; (2) the Government's failure to correct false testimony; (3) the Court's failure to exclude the Government's summary witness; (4) the Court's admission of irrelevant, inflammatory, and unreliable evidence; (5) multiple jury instruction errors; (6) a fundamentally unfair trial; (7) insufficient evidence to convict Defendant; and (8) sentencing errors. (Mot. Release 12:1–14:11).  The Court finds that these eight arguments are insufficient to establish that Defendant is entitled to remain out of custody through the pendency of his appeal.

---

[3] Though the Government did not address Defendant's danger, the Court notes that "danger may, at least in some cases, encompass pecuniary or economic harm." *United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992). Defendant, therefore, may still be considered a danger to the community based on the potential pecuniary or economic harm from his underlying offenses.

1        First, Defendant asserts that the Ninth Circuit's recent decisions in similar cases demonstrate that his first two claims—specifically, the Government's alleged *Brady* violation and the Government's failure to correct false testimony—will likely be reversed on appeal. (*Id.* 12:1–9). Defendant, however, fails to demonstrate how the recent decisions are relevant and applicable to the facts in his case. As the Court determined at trial and in a recent decision denying Defendant's Motion for Order Requiring the Government to Fulfill its *Brady* Obligation, Defendant has failed to demonstrate that the Government possessed the documents at issue and thus, that the Government's *Brady* obligation was ever triggered to begin with. (*See* Order Denying Motion for Order Requiring the Government to Fulfill its Brady Obligation, ECF No. 430). Defendant does not otherwise provide any new facts for the Court to reconsider its prior ruling.

        As to the remaining claims, Defendant merely recites the arguments covered in his Opening Brief and the accompanying citations. Defendant presents no new questions of law or fact for the Court to consider. Defendant has thus failed to demonstrate a "substantial question" that is "likely to result" in reversal or a new trial. Accordingly, the Court finds that Defendant fails to meet his burden in overcoming the heavy presumption against post-conviction release. *See Wheeler*, 795 F.2d at 840; *see also Gerald N.*, 900 F.2d at 191.[4]

///

---

[4] Because the Court finds that Defendant fails to establish the first two factors for release under 18 U.S.C. § 3143(b)(1), the Court does not need to address whether Defendant's medical condition and the current COVID-19 pandemic presents an "exceptional reason" for his release.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Release on Personal Recognizance Bond Pending Appeal, (ECF No. 436), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Exhibits Under Seal, (ECF No. 437), is **GRANTED**.

**DATED** this __30__ day of July, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court