# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JUNZO SUZUKI AND PAUL SUZUKI,

      Defendants.

Case No. 2:15-cr-00198-GMN-NJK

**Order**

(Docket No. 451)

      Pending before the Court is the United States' motion to conduct foreign depositions pursuant to Rule 15 of the Federal Rules of Criminal Procedure.  Docket No. 451.  The United States asks the Court to authorize it to take depositions of three victim-witnesses in Japan pursuant to Rule 15 of the Federal Rules of Criminal Procedure. *Id*. at 3.  The United States further requests that the depositions be conducted by two-way videoconference, outside of the physical presence of the defendants, who are located in Nevada. *Id.* at 1-2.  For the reasons discussed below, the Court **GRANTS** Plaintiff's motion to conduct foreign depositions.

## I.    <u>Background</u>

      Defendants are charged with multiple counts of wire fraud and mail fraud.  The underlying allegations involve an investment fraud scheme run through a Las Vegas-based company, MRI International, in 2012 and 2013.  The underlying scheme involved making false representations about investments being used to purchase medical accounts receivable at a discounted rate by MRI, which would then collect the consumer medical debt.  The indictment alleges that Defendants, alongside co-Defendant Edwin Fujinaga, instead used new investment funding to pay the principal and interest owed to prior investors. [1]  The majority of the victims of this fraudulent scheme resided in Japan at the time of the events alleged in the superseding indictment and continue to do so.

---

[1] Defendants were initially indicted alongside co-Defendant Edwin Fujinaga.  Defendant Fujinaga has since been tried, convicted, and sentenced in this case.  Docket Nos. 203, 267, 330, 338.

Defendants Paul and Junzo Suzuki were initially indicted in 2015 with eight counts of mail fraud and nine counts of wire fraud, as well as forfeiture allegations. Docket No. 1. Defendants were extradited from Japan and had their initial appearances before this Court in April 2019. Docket Nos. 288, 289. On March 24, 2021, a grand jury sitting in Las Vegas, Nevada issued a superseding incitement, which alleges seven counts of mail fraud and eight counts of wire fraud, as well as forfeiture allegations related to the same underlying fraudulent scheme. Docket No. 420. Trial is currently scheduled for October 18, 2021. Docket No. 410.

## II.   **Analysis**

As a threshold matter, a motion for authorization to conduct depositions in criminal proceedings is not a pre-trial motion under Federal Rule of Criminal Procedure 12(b) and this Court's Local Criminal Rule 12-1. Pursuant to the language of Federal Rule of Criminal Procedure 15, the principal objective of the rule permitting criminal depositions is the preservation of evidence for use at trial; therefore, such motion must be filed before trial has commenced. *See* Fed.R.Crim.P. 15 advisory committee's notes to 1974 amendment; *see also United States v. Rich*, 580 F.2d 929, 933-34 (9th Cir. 1978). The Court is unable to find any authority suggesting that this sort of motion should be considered a pre-trial motion like those articulated in the Federal and Local Rules. *See* Fed R. Crim. P. 12(b); Local Criminal Rule 12-1. Accordingly, the Court finds that the United States' motion was timely filed.

In criminal cases, depositions are allowed only by court order and in exceptional circumstances. Fed.R.Crim.P.15. S*ee also United States v. Olafson*, 213 F.3d 435, 442 (9th Cir. 2000). District courts have "broad discretion in deciding whether to order depositions in a criminal case" and should do so where "it is in the interest of justice that the testimony of a prospective witness be taken and preserved for use at trial." *Olafson*, 213 F.3d at 442 (internal citations omitted). Depositions cannot be used merely as a discovery device in criminal proceedings; instead, exceptional circumstances must exist for a Court to authorize them. *United States v. Rich*, 580 F.2d at 933-34. Exceptional circumstances are assessed on the particular circumstances of each case. *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998) (citing *United States v. Farfan-Carreon*, 935 F.2d 678, 679 (5th Cir. 1991)).

When depositions are permitted in criminal cases, the party conducting the depositions must ensure the defendant's presence at them. *United States v. Medjuck*, 156 F.3d. 916, 920 (9th Cir. 1998) (citing *United States v. Gifford*, 892 F.2d 63, 65 (3rd Cir. 989); *United States v. Salim*, 855 F.2d 944 (2nd Cir. 1988). Generally, there is a preference for face-to-face confrontation. *Maryland v. Craig*, 497 U.S. 836 (1990). Included in the Confrontation Clause guarantees are personal examination of the witness by the defendant, testimony under oath, subjecting the witness' testimony to cross-examination, and allowing the factfinder to personally observe the witness' demeanor to assist with credibility determinations. *Id.* at 845-46. These guarantees "serve[] the purpose of the Confrontation Clause by ensuring that evidence admitted against an accused is reliable and subject to the rigorous adversarial testing that is the norm of Anglo-American criminal proceedings." *Id.* at 846 (citations omitted).

There are limited circumstances where the preference for face-to-face confrontation may be overridden due to other pressing interests in the matter at hand. For example, in *Craig*, the Supreme Court upheld a trial court's decision to permit children who were alleged victims of abuse to be able to testify at trial by close circuit television so that they would not have to be in the visual presence of the defendant. The Court held that the state's interest in protecting the wellbeing of child abuse victims could be sufficiently important to outweigh a defendant's right to face-to-face confrontation if there was a case-specific finding of necessity. *Id.* This Court has similarly founds that the United States' interest in securing a defendant's presence at trial can outweigh the preference for face-to-face confrontation. *United States v. Sapse*, 2011 U.S. Dist. LEXIS 47507, at *16 (D.Nev. Apr. 26, 2011) ("the government's interest in ensuring that defendant will be present *at trial* is an important public policy which may be sufficient to override the defendant's right to face to face confrontation." (emphasis in original)).

The decision to authorize criminal depositions outside of the physical presence of a criminal defendant must be made based on case-specific findings. Fed.R.Crim.P. 15(c)(3). Specifically, the Court must find that the witness' testimony could provide substantial proof of a material fact in a felony prosecution, that there is a substantial likelihood that the witness' attendance at trial cannot be obtained, that the witness' presence for a deposition in the United

States cannot be obtained, that the defendant cannot be present at the location outside of the United States for the deposition, and that the defendant can still meaningfully participate in the deposition through reasonable means despite not being physically present. *Id.* The Court analyzes each factor in turn.

1. The witness' testimony could provide substantial proof of a material fact

All three witnesses the United States seeks to depose are victims of the underlying fraud scheme with which Defendants are charged. The United States submits that each witness will provide testimony that will support a finding that Defendants learned of the overall fraudulent scheme in April 2012. Docket No. 451 at 7. The United States also submits that these witnesses will provide testimony to support a finding that Defendants continued to make verbal and written false representations about the business and investments to potential investors after learning about the scheme, including failing to correct misleading investor materials containing these false representations. *Id.* The United States further contends that these three witnesses will provide testimony that will tend to show that the false representations made by Defendants were material to the witnesses' investment decisions. *Id.* at 8. Finally, the United States submits that these witnesses will provide testimony to support a finding that mail and wire communications were used to execute the underlying fraudulent scheme. *Id.*

The testimony of the witnesses, as described by the United States, consists of facts that are material to the elements the United States is required to prove beyond a reasonable doubt in order to obtain a wire fraud conviction or mail fraud conviction. Wire fraud has four main elements: the defendant must knowingly participate in a scheme to defraud or a scheme to obtain money or property by false representations or pretenses; the defendant must make statements or omit facts as part of the scheme that were material and would tend to influence a person to part with their money or property; the defendant must act with the intent to defraud, including the intent to deceive and cheat; and the defendant must use or cause to be used an interstate or foreign wire communication to carry out an essential part of the overall scheme. Ninth Circuit Model Criminal Jury Instruction No. 8.124 (2010) (last updated June 2021). The elements for mail fraud are the same except for the fourth element, which requires establishing that the defendant used the mail

to carry out or attempt to carry out an essential part of the overall scheme.  Ninth Circuit Model Criminal Jury Instruction No. 8.121 (2010) (last updated June 2021).

The proposed testimony by the three victims the United States seeks authorization to depose would bear on the facts essential to establish the offenses for which Defendants are charged. Defendants do not contest that the proposed testimony would meet the threshold of materiality in this matter.  Docket No. 455 at 9.  The Court therefore finds that the materiality showing required under Federal Rule of Criminal Procedure 15(c)(3)(A) has been satisfied.

    2.  <u>There is a substantial likelihood that the witness' attendance at trial and for depositions in the United States cannot be obtained</u>

Trial in this matter is currently set for October 18, 2021.  Docket No. 410.  The United States seeks to conduct the requested depositions during the week of September 27, 2021 since, due to COVID-19 and family related concerns, none of the three witnesses is willing to travel internationally for a deposition.  Docket Nos. 451 at 11-12, 458 at 6.  The witnesses have conveyed compelling reasons for their unwillingness to travel to the United States and have all consented to participate in a deposition in Japan.  *Id.*

The Court finds that it is unlikely that the witnesses' reasons for being averse to international travel currently will change in the three-week period between the proposed deposition period and the date currently set for trial.  Further, given that the witnesses reside in Japan, they are outside of the subpoena power of the United States government which, standing alone, constitutes sufficient justification to support a finding that there is a substantial likelihood that the witnesses' attendance at trial cannot be obtained.  *See Medjuck*, 156 F.3d at 920. *See also Olafson*, 213 F.3d at 441; *United States v. Rodriguez-Sifuentes*, 637 Fed. Appx. 1016, 1017 (9th Cir. 2016).

The Court is not persuaded by Defendants' contention that the United States only vaguely asserted the witnesses' unavailability and did not act in good faith to attempt to obtain their presence in the United States.[2]  Docket No. 455 at 7-8.  The Court takes note that the world is in

---

[2] Importantly, Defendants do not contest the importance of these witnesses or the testimony they might provide.  Rather, Defendants' main contention about the witnesses' unavailability appears to revolve around a desire to continue the October 18, 2021, trial date or, in the alternative, to obtain a ruling allowing for the use of live video testimony at trial.  Those arguments are not

the middle of a pandemic and, therefore, the witnesses' fears regarding international travel during the pandemic are persuasive.  However, the lack of subpoena power alone is sufficient for a finding of unavailability. *Medjuck*, 156 F.3d at 920.  The United States is not required to provide any further showing, although it does provide detailed reasons why the witnesses are voicing their unwillingness to travel to the United States at this time.  Docket Nos. 451 at 11-12, 458 at 6.

The Court finds the United States' showing of unavailability sufficient for a finding that there is a substantial likelihood that the witnesses' presence at trial could not be obtained. Similarly, it is unlikely that the witnesses' presence can be obtained for a deposition in the United States.  The witnesses are located outside of the subpoena power of the United States and have indicated their inability and/or unwillingness to travel to the United States for trial or deposition.  The Court finds that sufficient justification exists to support a finding that there is a substantial likelihood that the witnesses' attendance cannot be obtained.  *See Medjuck*, 156 F.3d at 920; *Olafson*, 213 F. at 441; *Rodriguez-Sifuentes*, 637 Fed. Appx. at 1017.

3.  <u>The defendant cannot be present</u>

Federal Rule of Criminal Procedure 15(c)(3) recognizes only a handful of circumstances which justify a finding that a defendant cannot be present for a deposition in a criminal case.  The only justifiable reasons are that a defendant cannot be present because the country where the witness is located will not permit the defendant to attend the deposition; there is no way to ensure continuing custody and secure transport for an in-custody defendant while traveling to attend the deposition; and there are no reasonable conditions that can assure an out-of-custody defendant will appear at the deposition or the later trial.  Fed.R.Crim.P. 15(c)(3)(D).  If any one of these justifications is established, it is enough to support a finding that the defendant cannot be present at the deposition.

Having no procedures with foreign officials to allow for the transfer of the custody of the defendant while they are present in a foreign country to attend a deposition is sufficient to support a finding that the defendant cannot be present.  *Medjuck*, 156 F.3d at 920. *See also Sapse*, 2011 U.S. Dist. LEXIS 47507, at *17 ("The practical inability to maintain custody over a detained

currently before the Court in the instant motion and the Court expresses no opinion on them or their merits.

6

defendant while on foreign soil is a sufficient excuse for not securing his presence at the deposition").

Here, Defendants were extradited from Japan to the United States on April 22, 2019.  Docket No. 451 at 3.  Defendant Paul Suzuki has been detained pending trial since May 13, 2019.  Docket No. 320.  Defendant Junzo Suzuki was initially detained pending trial.  Docket No. 321.  Given his medical vulnerability to COVID-19, United States District Judge Gloria M. Navarro temporarily released him on April 6, 2021, under strict supervision conditions, including 24-hour home confinement and virtual monitoring.  Docket No. 377.

The United States submits that neither Defendant can be present in Japan for the depositions. Docket No. 451 at 12.  The United States further submits that no mechanism exists to ensure secure transportation and continuing custody of Defendant Paul Suzuki. The United States also submits that no condition or combination of conditions would allow Defendant Junzo Suzuki to travel to Japan while ensuring his return to the United States and subsequent appearance at trial.  The United States provides that this is because the Federal Bureau of Investigation, which would have custody of Defendants, has no authority outside of the United States to detain and transport an individual. Further, the United States notes that, while Defendant Junzo Suzuki is currently on pretrial release, he remains a serious flight risk and the United States could not either enforce his current pre-trial release supervision or ensure his return to the United States for his criminal trial.  Docket No. 451 at 13-14.  In fact, Judge Navarro conditioned his release from custody in part on his surrender of his passport and all other travel documents due to concerns about his risk of flight.  Docket No. 377 at 7, 9.

Defendants submit that their prior extradition undermines the United States' arguments. Defendants further submit that the United States Embassy, where the depositions would occur if authorized, is considered domestic soil, undermining the continuing custody arguments put forth by the United States.  The Court finds this argument unpersuasive.  The extradition treaty between the United States and Japan provides for a specific cooperative procedure between the two nations to allow for the transfer of an arrested or convicted individual between the two for either their

prosecution or the imposition of their punishment.  *See* Treaty on Extradition between the United States of America and Japan, Japan-U.S., Mar. 3, 1978, 1203 U.N.T.S. 226.  It is not applicable to other situations, such as taking depositions.  Further, while the Embassy itself is considered domestic soil, Defendants' argument ignores the United States' authority regarding the entire journey.

The Ninth Circuit has recognized that, in a criminal case, depositions can properly occur without the physical presence of a defendant if no procedures exist that allow the United States to transfer custody of a defendant to another jurisdiction's law enforcement with an ensured timely transfer back to the custody of the United States.  *Medjuck*, 156 F.3d at 920.  This Court has also previously noted the difficulty of maintaining custody over a defendant while he is on foreign soil. *See Sapse*, 2011 U.S. Dist. LEXIS 47507, at *17.   Accordingly, the Court finds that the United States has demonstrated that Defendants cannot be physically present for the depositions.

4.  <u>The defendant can meaningfully participate in the deposition through reasonable means</u>

The United States submits that Defendants can still meaningfully participate in the depositions through two-way videoconferencing.  The United States proposes using a live videoconference connection between an office in Las Vegas, Nevada and the depositions as they are conducted in Japan.  Docket No. 451 at 14.  This procedure would allow Defendants to be able to see and hear the deposition testimony as it occurs.  The United States also proposes including in its procedure a mechanism for Defendants to confer privately with their counsel as needed throughout the course of the depositions.  *Id.*

The Ninth Circuit has upheld the proposed procedure under Federal Rule of Criminal Procedure 15(c).  *See Medjuck*, 156 F.3d. at 920.  In *Medjuck*, the Court noted that this procedure provides for the hallmarks of a defendant's confrontation clause protections and guarantees.  *Id.* Further, this Court has previously found this procedure adequately provides a defendant the ability to meaningfully participate in the deposition through reasonable means.  *See e.g., United States v. Fujinaga*, 2:15-cr-198-GMN-NJK, Docket No. 88 (D. Nev. Aug. 9, 2018); *Sapse*, 2011 U.S. Dist. LEXIS 47507, at *15-18.

While this procedure is not the same as an in-person deposition, the Court finds that it sufficiently provides Defendants with the ability to meaningfully participate in the depositions through reasonable means.  Defendants will be able to observe the witnesses and the witnesses will be under oath and able to see Defendants.  The witnesses will be subjected to cross-examination by Defendants' counsel.  Defendants will be provided meaningful and private opportunity to consult with counsel as needed throughout the depositions.

Defendants submit that they cannot meaningfully participate in the depositions because the current CDC recommendations for COVID-19 cannot be adhered to in the visitation room at the Nevada Southern Detention Center where Defendant Paul Suzuki meets with counsel.  Docket No. 455 at 11-12.  Defendants further submit that they cannot, therefore, adequately prepare for the depositions.  *Id.*  Nothing in the available precedent suggests to the Court that this is a factor for consideration in the analysis required under Federal Rule of Criminal Procedure 15(c)(3)(E).  Further, as the United States submits, exceptions can be made to accommodate these visitations as needed and the information underlying these depositions has been available to Defendants for a long time.  Docket No. 458 at 7-8.  Finally, defendants at the Nevada Southern Detention Center have been meeting privately with counsel over remote means for several months throughout the pandemic in order to prepare for hearing, trials, and other portions of their case.  The Court therefore finds that Defendant Paul Suzuki's custodial status does not hinder his opportunity to meet with counsel and meaningfully prepare for the depositions or demonstrate that Defendants cannot meaningfully participate in the depositions.

### III.   Conclusion

For the reasons discussed above, the Court **GRANTS** the United States' motion to conduct foreign depositions pursuant to Federal Rule of Criminal Procedure 15.  Docket No. 451.

IT IS ORDERED that, pursuant to Article 17 of the United States-Japan Consular Convention, any consul or vice consul of the United States assigned to Tokyo, Japan is authorized

9

to take oral depositions at the United States Embassy in Tokyo of the following witnesses, who will appear voluntarily during the week of September 27, 2021: H.H., I.M., N.Y.[3]

IT IS FURTHER ORDERED that counsel for Defendants who will participate in the depositions are Junji Suzuki, Esq. and Richard A. Wright, Esq.; and that counsel for the United States who will participate in the depositions are Cory E. Jacobs, Jessica Oliva, and Della Sentilles. Counsel for the United States and counsel for Defendants will participate via a live videoconference connection between Las Vegas, Nevada and Tokyo, Japan.   Defendants will participate in the deposition via the same videoconference connection.   Federal Bureau of Investigation Special Agents Gene Tierney and John Schettler will also participate by live videoconference.   Additional Federal Bureau of Investigation personnel may participate as required to ensure the secure transport and custody of Defendant Paul Suzuki.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Criminal Procedure 15(e), the United States must pay for the costs of the deposition transcripts and for reasonable travel and subsistence expenses for Defendants' counsel to the extent Defendants' counsel is permitted to and desires to attend the depositions in-person in Tokyo, Japan.

IT IS FURTHER ORDERED that the United States shall arrange for Defendants to be able to privately consult with their counsel throughout the depositions, including if their counsel choose and are permitted to attend the depositions in person.

IT IS FURTHER ORDERED THAT the following procedures will be followed:

    a.  The depositions will be governed by the Federal Rules of Evidence and Criminal Procedure to the extent the foreign authorities permit;

    b.  Each witness will affirm under the penalty of criminal prosecution to answer all questions truthfully and completely;

---

[3] The United States must provide the full names of these witnesses to defense counsel or any individuals with the United States or Japanese governments as necessary for the purposes of these depositions.

c.  The United States shall arrange for the services of Japanese-English interpreters to interpret for the parties at the depositions, but those interpreters will not be employees of the United States Department of Justice or the Federal Bureau of Investigation;

d.  A verbatim, stenographic recording will be made of the English portion of the proceedings and the testifying witness will be videotaped, if the foreign authorities will so permit;

e.  Individuals employed by a deposition stenography company may attend each deposition as stenographers, videographers, and/or translators;

f.  The United States shall arrange for a live two-way video conference; and

g.  Each witness will be questioned first by the attorneys for the United States, then cross-examined by Defendants' attorneys, and then questioned by the attorneys for the United States.

IT IS FURTHER ORDERED that, in authorizing these depositions, the Court expresses no opinion as to the admissibility or use of any part of the anticipated deposition testimony. If any amendments to this Order are necessary to conduct the depositions in compliance with requirements imposed by the United States government or the Japanese government, the United States or defense counsel must seek leave from the Court to alter the outlined procedures.

IT IS SO ORDERED.

Dated: September 17, 2021.

_____
Nancy J. Koppe
United States Magistrate Judge