UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>     v.<br><br>EDWIN FUJINAGA,<br><br>                    Defendant. | Case No.: 2:15-cr-00198-GMN-NJK<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION** |

Pending before the Court is Defendant Edwin Fujinaga's Motion for Sentence Reduction ("MSR") under 18 U.S.C. § 3582, (ECF Nos. 584, 574). The Court appointed Defendant counsel, (Order Appointing Counsel, ECF No. 573), who subsequently filed a Supplement to Defendant's Motion, (ECF No. 578). The Government filed a Response to Defendant's Motion and Supplement, (ECF No. 582), to which Defendant filed a Reply, (ECF No. 586).

Because Defendant has not met his burden of showing extraordinary and compelling reasons warranting a sentence reduction, the Court **DENIES** Defendant's Motion for Sentence Reduction.

I.   **BACKGROUND**

In 2015, a grand jury returned an Indictment for Edwin Fujinaga, Junzu Suzuki, and Paul Suzuki for owning and operating MRI International Inc., a Limited Liability Corporation in Las Vegas, Nevada. (*See generally* Indictment, ECF No. 1). Defendant was the president, chief executive officer, and sole owner of MRI. (*Id.*). "MRI functioned almost entirely as a Ponzi scheme, that is, money solicited from new investors was used to pay prior investors' maturing investments." (Presentence Report ("PSR") ¶ 12). Defendant was charged in the Indictment with twenty counts: Counts One through Eight in violation of 18 U.S.C. § 1341 Mail Fraud; Counts Nine through Seventeen in violation of 18 U.S.C. § 1343 Wire Fraud; and Counts

Eighteen through Twenty in violation of 18 U.S.C. § 1957 Monetary Transactions in property derived from specified unlawful activity. (*See generally* Indictment). A jury found Defendant guilty on all charges. (*See* Mins. Proceeding Jury Trial (Day 17), ECF No. 262); (*see also* Partial Tr. Of Proceedings 6:25–9:12, ECF No. 273). The Court sentenced Petitioner to a total of 50 years of incarceration. (J., ECF No. 338). Mr. Fujinaga appealed that conviction and sentence to the Ninth Circuit. *See* Case No. 19-10222. The Ninth Circuit affirmed the conviction and sentence imposed. (ECF No. 98, Case 19-10222). Mr. Fujinaga subsequently filed a motion to set aside his verdict/sentence, (ECF No. 550), which this Court denied. (ECF No. 563).

By the instant motion, Defendant petitions this Court for compassionate release. Defendant filed an uncounseled Motion for Sentence Reduction, (ECF No. 584), and a counseled Supplement petitioning the Court to reduce his sentence, (ECF No. 578). Defendant requests the Court reduce his 50-year sentence to time served, followed by a three-year term of supervised release.

## II.   LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion to modify his or her term of imprisonment. Before filing such a motion, the defendant must first petition the Bureau of Prisons ("BOP") for compassionate release. *Id.* A court may grant the defendant's motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] section 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a

1 reduction" and "such a reduction is consistent with applicable policy statements issued by the
2 Sentencing Commission." *Id.*  As the movant, Defendant bears the burden to establish that he is
3 eligible for compassionate release. *See United States v. Wright*, 46 F.4th 938, 951 (9th Cir.
4 2022).

5    The Sentencing Commission has passed guidance as to when "extraordinary and
6 compelling reasons" exist for compassionate release. U.S.S.G. § 1B1.13(b).  Such
7 circumstances include (1) the medical circumstances of the defendant, (2) the advanced age of
8 the defendant resulting in "a serious deterioration in physical or mental health," (3)"[t]he death
9 or incapacitation of the caregiver of the defendant's minor child," (4) whether the defendant,
10 while in custody, was the victim of sexual or physical abuse, or (5) "other circumstance or
11 combination of circumstances that, when considered by themselves or together with any of the
12 reasons described . . . are similar in gravity to those described [above]." *Id.*

13 **III.   DISCUSSION**

14    The Government does not dispute that Defendant has exhausted his administrative
15 remedies. (*See generally* Resp., ECF No. 582).  The Court thus turns to whether Defendant has
16 shown extraordinary and compelling reasons warranting a sentence reduction.

17   **A. Extraordinary & Compelling Reasons**

18    Defendant argues a sentence reduction is warranted for several reasons.  First, Defendant
19 advances that his medical conditions qualify as an extraordinary and compelling reason for a
20 reduction. (Suppl. 4:20–25, ECF No. 578).  Second, he contends that a reduction is warranted
21 because of his heightened risk of COVID, particularly because he is unable to be vaccinated
22 due to his allergy to the COVID vaccine. (*Id.* 4:25–5:13).  Finally, Defendant argues that a
23 reduction is warranted because of the length of his sentence, his record of rehabilitation, and
24 strong familial connections. (*Id.* 5:14–6:2).
25 ///

### 1. Medical Conditions and Negligent Medical Care

Defendant avers that he received negligent medical case resulting in the loss of his vision and rendering him effectively blind. (*Id.* 4:20–25). He argues that this vision loss gives rise to serious safety concerns that constitute extraordinary and compelling reasons warranting a sentence reduction. (*Id.*). The medical condition of a defendant may be an extraordinary and compelling reason if they are "(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process." U.S.S.G. § 1B1.13(b)(1)(B). To qualify as an extraordinary and compelling reason, however, the medical condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* A medical condition may further qualify if it "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Id.* § 1B1.13(b)(1)(C).

Defendant's stated concerns about his medical treatment and health status are not supported by the record as it exists today. Mr. Fujinaga's medical records do not substantiate his claims regarding vision loss; they document only hospital visits treating Mr. Fujinaga for weakness and dizziness. (MSR at 30–56). Mr. Fujinaga provides no documentation to support his claim that he has a medical condition related to his vision that has "made him effectively blind" due to negligent medical care. (Suppl. 1:18–20). Without such documentation, the Court cannot find that Defendant has made a showing that he has received negligent medical care. Nor can the Court find that Defendant has met his burden of establishing that his vision loss constitutes extraordinary and compelling reasons warranting compassionate release. *See Wright*, 46 F.4th at 951. Accordingly, the Court declines to find a sentence reduction is warranted on this basis.

**2. Heightened Risk of COVID**

Next, Defendant contends that, because he is over 78 years of age and suffers from underlying health conditions of hypertension and heart disease, he is at an increased risk of serious health consequences from contracting COVID-19. (Suppl. 4:25–5:8). Defendant further asserts that, because he is allergic to the COVID-19 vaccine and therefore unable to get vaccinated, he has a heightened risk of contracting COVID-19. (*Id.* 5:1–4). And because FCI Victorville is overcrowded, Defendant argues that he cannot socially distance from others. (*Id.* 5:9–13). All of these reasons create a high risk of serious health concerns resulting from contracting COVID, which Defendant contends is an extraordinary and compelling reason for relief. (*Id.* 4:25–5:13).

The Sentencing Guidelines state that extraordinary and compelling circumstances exist if:

> "(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner."

U.S.S.G § 1B1.13(b)(1)(D).

Defendant's allegations do not rise to the level of extraordinary and compelling circumstances. Mr. Fujinaga is not housed in a correctional facility that he alleges is at risk of an infectious disease outbreak and/or an ongoing public health emergency. The COVID-19 public health emergency expired in May 2023. Press Release, HHS Secretary Xavier Becerra, Secretary, Dep't Health & Hum. Servs., "Statement on End of the COVID-19 Public Health Emergency," https://www.hhs.gov/about/news/2023/05/11/hhs-secretary-xavier-becerra-

statement-on-end-of-the-covid-19-public-health-emergency.html. (May 11, 2023).  Moreover, the conditions at FCI Victorville demonstrate that Defendant does not face a high risk of infection at his facility at this time.  The BOP reports that FCI Victorville has one active case of COVID among inmates. *See* BOP, "Inmate COVID-19 Data," https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp#, (last visited Oct. 30, 2024).  The low rates of transmission suggest that prison conditions at FCI Victorville do not rise to the level of an extraordinary and compelling circumstance. *United States v. Bright*, No- 17-cr-0270, 2022 WL 16951832, at *4 (S.D. Cal. Nov. 15, 2022).

      The Court does not dispute that both his advanced age and the combination of comorbidities place Defendant at an increased risk of illness if he contracts COVID-19.[1]  But because Defendant does not meet the ongoing outbreak requirement delineated in the sentencing guidelines, the Court does not find that his susceptibility to COVID alone is an extraordinary or compelling circumstance.

### 3. Length of Sentence and Other Reasons

      Defendant further asserts that his lengthy prison sentence, his record of rehabilitation, and his strong family support warrant a sentence reduction. (Suppl. 5:14–18).  Rehabilitation alone cannot establish "extraordinary and compelling" circumstances warranting early release. *See* 18 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a reduction in sentence.).  And the existence of familial support is not included in the Sentencing Guidelines' list of extraordinary or compelling. *See* U.S.S.G § 1B1.13(b). Defendant's rehabilitation and family support arguments therefore do not establish that a sentence reduction is warranted in this case.

---

[1] Defendant provides no evidence to support his allegations that he is allergic to the COVID vaccine and therefore unable to be vaccinated against the illness. (*Id.* 5:1–4); (*See generally* MSR; Suppl.).  The Court's analysis applies regardless of whether Defendant is unable to get the COVID vaccine.

A lengthy sentence is not itself an extraordinary and compelling reason to reduce a sentence. U.S.S.G. § 1B1.13(b)(6).  For a lengthy sentence to warrant sentence reduction, there would need to have been a change in the law that would "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Id.* Because Defendant does not point to a change in law that would produce such a disparity, the length of his sentence does not by itself warrant a sentence reduction.

In sum, Defendant has not met his burden to show that "extraordinary and compelling reasons" warrant a reduction in his sentence.  Even if Defendant had shown that extraordinary and compelling reasons were present, the Court would next "consider and weight the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case." *Wright*, 46 F.4th at 945 (quotations omitted). Defendant has served less than six years of his 50-year sentence since he was convicted in November 2018.  Reducing his sentence by at least 75%, as Defendant requests in this motion, would not reflect the seriousness of Defendant's offense or fulfill the need for "just punishment." 18 U.S.C. § 3553(a)(1), (2)(A).  Upon consideration of all the factors set forth in section 3553(a), especially the nature and circumstances of the offense and the need for the sentence imposed, the Court finds that those factors weigh against granting Defendant's request for sentence reduction.  Accordingly, Defendant's Motion for Sentence Reduction is DENIED.

///
///
///
///
///
///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction, (ECF Nos. 584, 574), is **DENIED.**

**DATED** this  31   day of October, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court